1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9             SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  STEVEN WAYNE BONILLA,<br>12  CDCR #J-48500,<br>13                              Plaintiff,<br>14                    vs.<br>15<br>16  ALAMEDA COUNTY DISTRICT<br>17  ATTORNEY'S OFFICE, JON<br>     GOODFELLOW, and JOHN WITSON,<br>18                              Defendants. | Case No.:  3:25-cv-01599-RBM-SBC<br><br>**ORDER DISMISSING CIVIL<br>ACTION FOR FAILURE TO PAY<br>FILING FEE REQUIRED BY<br>28 U.S.C. § 1914(a)** |

19

20        Plaintiff  Steven  Wayne  Bonilla  ("Plaintiff"),  proceeding  *pro se*  and  currently
21 incarcerated at California Medical Facility, filed a civil action pursuant to 42 U.S.C. § 1983.
22 (Doc. 1.)  On July 17, 2025, Plaintiff also filed a Request for Expedited Review.  (Doc. 2.)
23 Plaintiff, however, has not filed a Motion to Proceed *In Forma Pauperis* ("IFP") in this
24 matter nor has he paid the initial civil filing fee required by 28 U.S.C. § 1914(a).

25        For the reasons discuss below, this civil action is **<u>DISMISSED</u>** and the Request for
26 Expedited Review (Doc. 2) is **<u>DENIED</u>** as moot.

27 //
28 //

1

## I.    <u>FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS</u>

Any person filing a civil case must pay a filing fee of $405.  *See* 28 U.S.C. § 1914(a).[1] A person may initiate a civil action without prepaying the required filing fee if the Court grants him or her leave to proceed IFP based on indigency.  28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").  To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit which includes a statement of their income and assets, or things of value the plaintiff possesses.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

Additionally, under the Prison Litigation Reform Act ("PLRA"), plaintiffs who are imprisoned at the time they file their civil case must submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  "While the previous version of the IFP statute granted courts the authority to waive fees for any person 'unable to pay[,]' . . . the PLRA amended the IFP statute to include a carve-out for prisoners: under the current version of the IFP statute, 'if a prisoner brings a civil action or files an appeal [IFP], the prisoner shall be required to pay the full amount of a filing fee.'"  *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)).

Here, Plaintiff has not paid the $405 filing fee required to begin this civil action.  Nor has he submitted a proper Motion to Proceed IFP.  *See Escobedo*, 787 F.3d at 1234.  Therefore, his case cannot go forward.  *See* 28 U.S.C. § 1914(a); *Andrews,* 493 F.3d at 1051.

---

[1]  In addition to the $350 statutory fee, civil plaintiffs must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The additional $55 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

2

## II.    <u>LEAVE TO PROCEED IFP</u>

Even if Plaintiff had filed a Motion to Proceed IFP, the Court nonetheless finds that he is not entitled to IFP status in this action for the reasons set forth below.

### A.    Legal Standard

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners, like Plaintiff, however, "face an additional hurdle." *Id.* In order to further "the congressional goal of reducing frivolous prisoner litigation in federal court," the PLRA provides that prisoners with "three strikes" or more cannot proceed IFP. *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). Specifically, the PLRA amended § 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on [three] or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision is commonly known as the "PLRA's 'three strikes' rule." *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1054 (9th Cir. 2016). When a prisoner litigant "has accumulated three prior dismissals on statutorily enumerated grounds[,] . . . a court may not afford him [IFP] status with respect to his additional civil actions." *Coleman v. Tollefson*, 575 U.S. 532, 534 (2015). This is because "court permission to proceed IFP is itself a matter of privilege and not [a] right." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (cleaned up). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016). Thus, prior cases are considered strikes "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal*

3

1  *v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

2      Once a prisoner has accumulated three strikes, he is prohibited from proceeding IFP

3  unless he can show he is facing "imminent danger of serious physical injury." *Andrews*,

4  493 F.3d at 1051–52 (quoting 28 U.S.C. § 1915 (g)).  In addition to being "imminent," that

5  danger must also be "fairly traceable to unlawful conduct alleged in [the] complaint and

6  redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022).

7      **B.    Discussion**

8      While Plaintiff has not moved to proceed IFP in this case, the Court nonetheless finds

9  it would be futile for him to do so.  Based on its review of the dockets of many court

10 proceedings, the Court finds that Plaintiff has had dozens of prisoner civil actions or appeals

11 dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon

12 which relief may be granted.  *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007)

13 (holding that a court "may take notice of proceedings in other courts, both within and without

14 the federal judicial system, if those proceedings have a direct relation to matters at issue.")

15 (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

16     For example, a court in the Northern District of California dismissed the following

17 five actions filed by Plaintiff for failure to state a claim upon which relief may be granted:

18 *Bonilla v. Superior Court of Alameda County*, C 11-6306; *Bonilla v. Alameda County*

19 *District Attorney's Office*, C 11-6307; *Bonilla v. California Supreme Court*, C 12-0026;

20 *Bonilla v. Cullen*, C 12-0027; *Bonilla v. California Supreme Court*, C 12-0206.[2]

21     In dismissing these five cases, the court noted that Plaintiff had filed 34 *pro se* civil

22 rights actions between June 1 and October 31, 2011, which were dismissed "because the

23 allegations in [his] complaints d[id] not state a claim for relief under § 1983." *In re Steven*

24 *Bonilla*, 2012 WL 216401, at *1.  The court also noted it "recently informed Plaintiff [in a

25

26

27 [2] *See In re Steven Bonilla*, Nos. C 11–6306 CW (PR), C 11–6307 CW (PR), C 12–0026 CW
   (PR), C 12–0027 CW (PR), C 12–0206 CW (PR), 2012 WL 216401, at *3 (N.D. Cal. Jan.
28 24, 2012).

different case] that, in accordance with 28 U.S.C. § 1915(g), he no longer qualifies to proceed [IFP] in any civil rights action." *Id.* at *3 n.1.[3]

Moreover, the Court finds that the Complaint does not contain any "plausible allegations" to suggest that Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting § 1915(g)). Rather, Plaintiff alleges his criminal conviction was obtained by "fraud" and is therefore "void." (Doc. 1 at 3.) Because Plaintiff does not plausibly allege that he was in imminent threat of harm at the time he filed this action, the Court finds that his allegations do not satisfy the imminent danger exception. *See Cervantes*, 493 F.3d at 1055 (quoting § 1915(g)).

The Court finds that Plaintiff has accumulated far more than the three "strikes" permitted by § 1915(g) while incarcerated and has failed to plausibly allege that he faced imminent danger of serious physical injury at the time he filed this case. Accordingly, Plaintiff is not entitled to proceed IFP. *See id.* at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (noting that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status").

## III.    CONCLUSION

Based on the foregoing considerations, the Court:

1.    **DISMISSES** this case based on Plaintiff's failure to pay the civil filing fee required by 28 U.S.C. § 1914(a).

2.    **DENIES** Plaintiff's Request for Expedited Review (Doc. 2) as MOOT.

3.    **DIRECTS** the Clerk of the Court to close the case **and accept no further documents for filings**, except a timely Notice of Appeal, which this Court

---

[3] *See In re Steven Bonilla*, Nos. C 11-3180 CW (PR) C 11-3181 CW (PR) C 11-3206 CW (PR) C 11-3398 CW (PR) C 11-3441 CW (PR) C 11-3631 CW (PR) C 11-4334 CW (PR) C 11-4335 CW (PR) C 11-4534 CW (PR) C 11-4731 CW (PR) C 11-4737 CW (PR) (N.D. Cal. Oct. 25, 2011), ECF No. 11.

5

1    **CERTIFIES** would not be taken in good faith pursuant to 28 U.S.C.

2    § 1915(a)(3).

3    **IT IS SO ORDERED**.

4    DATE:  August 8, 2025

5

6    HON. RUTH BERMUDEZ MONTENEGRO
     UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6